Citation Nr: 1339297 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 12-05 289 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Houston, Texas


THE ISSUE

Entitlement to an increased rating in excess of 10 percent for bilateral hearing loss. 


REPRESENTATION

Appellant represented by: Texas Veterans Commission


WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

Catherine Cykowski, Counsel


INTRODUCTION

The Veteran had active duty service from September 1966 to December 1980.

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a June 2011 rating decision by the Department of Veterans Affairs (VA) Regional Office (RO) in Houston, Texas.

In November 2012, the Veteran testified at a hearing before the undersigned Veterans Law Judge. A copy of the transcript is associated with the claims file and has been reviewed.

The appeal is REMANDED to the RO via the Appeals Management Center (AMC), in Washington, DC. VA will notify the appellant if further action is required.


REMAND

At the hearing in November 2012, the Veteran testified that his hearing has worsened since his last VA examination in February 2011. As the Veteran contends that his hearing loss has worsened since his last examination, he should be afforded a new examination in compliance with VA's duty to assist, to determine the current severity of his bilateral hearing loss. See Snuffer v. Gober, 10 Vet. App. 400 (1997); Caffrey v. Brown, 6 Vet. App. 377 (1994); VAOPGCPREC 11-95 (1995). 

In this case, as the most recent VA treatment reports of record are dated in November 2011, the RO/AMC should obtain any outstanding VA treatment records and associate them with the record. 

Accordingly, the case is REMANDED for the following action:

1. Obtain all available VA treatment records pertaining to the Veteran's service-connected bilateral hearing loss disability since November 2011 and associate the records with the claims folder or with the electronic record. Any negative reply should be noted in the claims folder.

2. Schedule the Veteran for a VA audiology examination. The claims folder must be provided for the examiner's review in conjunction with the examination, and the examination report should indicate that the examiner reviewed the claims file. All indicated tests and studies should be performed, including audiometric testing and speech recognition testing, and all clinical findings should be set forth in detail. The VA examiner should comment upon the effect of hearing loss on the Veteran's occupational functioning and daily activities.

3. Review the examination report to ensure compliance with the remand directives. If the report is deficient in any manner, corrective procedures must be implemented. 

4. After completing any further development deemed necessary, readjudicate the claim. If the claim remains denied, provide the Veteran and his representative with a supplemental statement of the case and allow an appropriate time for response. The matter should then be returned to the Board, if in order. 
 
The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

 (Continued on the next page)



This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court
of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2013).




_________________________________________________
S. L. Kennedy
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).